# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN M. HENTGES, individually, and as trustee of the BTCNA Revocable Living Trust, and in behalf of the citizens of Le Sueur County, Minnesota,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MARK C. VANDELIST, individually;<br>TERRENCE E. CONKEL, individually;<br>JOANNE M. KOPET, individually,<br>MINNESOTA FIRST JUDICIAL DISTRICT COURTS; MINNESOTA FIRST JUDICIAL DISTRICT ADMINISTRATION; and<br>STATE OF MINNESOTA,<br><br>　　　　　　　Defendants. | Case No. 15-CV-1203 (DWF/TNL)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Plaintiff John M. Hentges, acting pro se, alleges that he is the focus of a multi-state conspiracy involving several judges, various other judicial officers, and his ex-wife. These conspirators, claims Hentges, have arranged to "fix" various cases, both civil and criminal, brought by and against him over the years. Based on those allegations, Hentges — purporting to bring this case not only on his own behalf, but also on behalf of a trust established for his children and on behalf of the citizens of Le Sueur County, Minnesota — brings this action seeking relief against various governmental employees and entities under both 42 U.S.C. § 1983 and state-law causes of action.

　　　　Hentges did not pay the filing fee for this action. Instead, Hentges filed an application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. That IFP application is now before this Court for consideration.

Upon review of Hentges's IFP application, this Court finds that Hentges qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

There are a myriad of problems with Hentges's complaint. This Court will highlight only a few of the most substantial.

*First*, Hentges purports to bring claims not only on his own behalf, but also on behalf of a trust of which he is allegedly the trustee, and on behalf of the citizens of Le Sueur County, Minnesota. But Hentges is not an attorney. Hentges may represent himself in federal court, *see* 28 U.S.C. § 1654, but he may not represent other individuals or entities. *See, e.g.*, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlayer . . . has no right to

represent another entity, i.e., a trust, in a court of the United States."); *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam) (citing *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005)); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam). Accordingly, any claims brought by Hentges on behalf of anyone other than himself must be dismissed without prejudice at the outset of this case.

*Second*, the vast majority of the defendants to this action are immune from suits for money damages. Defendants Mark C. Vendelist and Terrence Conkel are state-court judges being sued by Hentges for actions taken in their capacities as judicial officers. Any claims against those defendants are directly barred by the doctrine of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978) (setting forth doctrine of judicial immunity); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."). Other defendants, including the State of Minnesota and the departments thereof, are also immune from suits for money damages on account of sovereign immunity, as recognized by the Eleventh Amendment. *See Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006).

*Third*, much of the relief sought by Hentges in this litigation amounts to a request for the invalidation of judgments entered by state courts in prior litigation. But, "with the exception of habeas corpus proceedings, the inferior federal courts lack subject-matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 234 (8th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *accord Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Pursuant to this *Rooker-Feldman* doctrine, this Court may not, for example, vacate state-court orders for dismissal, as requested by Hentges. *See* Compl. ¶ 50(a) [ECF No. 1]. This jurisdictional bar precludes the bulk of the relief sought by Hentges in this action.

*Fourth*, it appears that much of the relief requested by Hentges is predicated on a finding by this Court that a *criminal* judgment entered against Hentges in state court is invalid. In other words, much of Hentges's complaint amounts to a plea that he is entitled to monetary recovery because various state officials have conspired to get him convicted of a criminal offense. All such claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as success on those claims would necessarily imply the invalidity of Hentges's state-court conviction. Only if the judgment entered in Hentges's criminal case is first invalidated — for example, through the granting of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 — may Hentges then succeed on claims for money damages that necessarily imply the invalidity of that conviction.

Any one of those problems, taken individually, would likely require denial of Hentges's IFP application and dismissal of this action. Taken together, these problems are insuperable for Hentges. This Court therefore recommends that this action be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

None of the above reasons for recommending dismissal of this complaint should come as much surprise to Hentges, as other, similar complaints filed by him in federal courts over the years have been dismissed for similar (or identical) reasons. *Hentges v. State of Minnesota*, No. 10-CV-4081 (MJD/FLN) (D. Minn. filed Sept. 29, 2010); *Hentges v. Girl Scouts of the U.S.A.*, No. 10-CV-2072-BNB, 2010 WL 3816712, at *1-4 (D. Colo. Sept. 23, 2010). Hentges's persistence with arguments already deemed to lack merit can only be described as frivolous. (Indeed, Hentges has been declared a frivolous filer in Minnesota state court. *See* Compl. ¶ 51(a)). A litigant is not entitled to IFP status when attempting to pursue frivolous or malicious litigation. *See* 28 U.S.C. § 1915(e)(2)(B)(i). This, too, provides a sufficient reason to recommend denial of Hentges's IFP application and dismissal of this action.

Finally, this Court cautions Hentges that the right of access to the courts afforded to pro se litigants does not ensure an unrestricted opportunity to pursue frivolous, malicious, abusive, or repetitive proceedings. In light of Hentges's record as a litigant, it may soon become necessary to impose restrictions on his ability to pursue further pro se proceedings in this District.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff John M. Hentges's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Dated: April __9__, 2015                     *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge


                                             *Hentges v. Vandelist et al.*
                                             Case No. 15-cv-1203 (DWF/TNL)


## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 24, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.