## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| John M. Hentges, individually, and in behalf of:<br>The BTNCA Revocable Living Trust, and<br>The Citizens of Le Sueur County Minnesota,<br><br>Plaintiff,<br><br>v.<br><br>Mark C. Vandelist, individually;<br>Terrence E. Conkel, individually;<br>Joanne M. Kopet, individually;<br>Minnesota First Judicial District Courts;<br>Minnesota First Judicial District<br>Administration; and State of Minnesota,<br><br>Defendants. | Civil No. 15-1203 (DWF/TNL)<br><br><br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

This matter is before the Court upon Plaintiff John M. Hentges's ("Hentges"), individually, and on behalf of The BTNCA Revocable Living Trust and The Citizens of Le Sueur County Minnesota, *pro se* self-styled objections (Doc. No. 4) to Magistrate Judge Tony N. Leung's April 9, 2015 Report and Recommendation (Doc. No. 3) insofar as it recommends that:   (1) this action be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and (2) Plaintiff John M. Hentges's application to proceed *in forma pauperis* be denied.   Defendants are unrepresented by counsel and did not file a response to Plaintiffs' objections within the time period allotted.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).   The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference

for purposes of Hentges's objections.

In his self-styled objections, Hentges first objects on the grounds that Magistrate

Judge Leung incorrectly stated that the action was based in part on the allegations found

in the "Introduction" section of the Complaint.   Hentges asserts that the action is actually

based on the allegations contained in the "Statement of the Case" section.   The Court

finds that Magistrate Judge Leung did not solely base his recommendations on allegations

contained in the "Introduction."   However, even if Hentges's assertion is correct and

Magistrate Judge Leung did "incorrectly" consider the allegations contained in the

"Introduction," Magistrate Judge Leung's analysis still stands.   If the Court were to

solely consider the allegations of the "Statement of the Case" section of the Complaint,

Plaintiff still fails to state a claim for each and every one of the reasons outlined by

Magistrate Judge Leung in the Report and Recommendation.   (Doc. No. 3 at 2-4.)

Second, Hentges objects to Magistrate Judge Leung's determination that although

Plaintiff qualifies for *in forma pauperis* status, his application should be denied for failure

to state a cause of action.   The Court's *de novo* review of all of the allegations in

Hentges's Complaint, even when accepted as true and with all reasonable inferences

drawn in his favor, shows that Hentges fails to state any viable claims.   Hentges's

objections do not provide any reason to the contrary.   Even if the Court were to assume

that Hentges's statements that he has paid his child support obligations in full for over

eight years were true and that all other assertions were true, Hentges still cannot show

that this Court either has subject matter jurisdiction over his claims or that his claims are not barred by multiple forms of immunity.

Third, Hentges appears to object to Magistrate Judge Leung's legal conclusions relating to representation, immunity, and forms of relief.   The Court, however, finds no reason for deviation from Magistrate Judge Leung's legal conclusions on these issues.

Finally, Hentges also appears to generally object to page five of Magistrate Judge Leung's Report and Recommendation, arguing that he "object[s] to each and every word of the final three paragraphs of [t]he Report and Recommendation."   (Doc. No. 4 at 5.) These objections, even if taken as true, still would not allow Hentges's Complaint to survive a motion to dismiss for the reasons stated in the Report and Recommendation. Further, the Court adds that the judges in this District have not "fixed" Hentges's case against him as he argues, but instead, have considered all of his allegations, in the light most favorable to Hentges and with all reasonable inferences in his favor, yet he cannot state a claim for relief with those allegations now before the Court.   The claims are therefore dismissed and the Court adopts Magistrate Judge Leung's Report and Recommendation in its entirety.

In sum, based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      *Pro Se* Plaintiff John M. Hentges, individually, and in behalf of:   The

BTNCA Revocable Living Trust, and The Citizens of Le Sueur County Minnesota's

objections (Doc. No. [4]) to Magistrate Judge Tony N. Leung's April 9, 2015 Report and

Recommendation are **OVERRULED**.

2.      Magistrate Judge Tony N. Leung's April 9, 2015 Report and

Recommendation (Doc. No. [3]) is **ADOPTED**.

3.      This action is **SUMMARILY DISMISSED WITHOUT PREJUDICE**

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4.      Plaintiff's application to proceed *in forma pauperis* (Doc. No. [2]) is

**DENIED.**

Dated:   May 22, 2015              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge